**Eddie Lee COBB, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–2063.**

United States Court of Appeals,
Fourth Circuit.

Argued March 7, 1978.

Decided Sept. 28, 1978.

Michael S. Elder, Baltimore, Md. (Michael A. Millemann, Joyce R. Branda, The Legal Services Clinic and Bruce E. Perweiler, Third Year Law Student, Baltimore, Md., on brief), for appellant.

Patricia W. Lemley, Asst. U. S. Atty., Greensboro, N.C. (H. M. Michaux, Jr., U. S. Atty., Greensboro, N.C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Cobb filed a motion to vacate his sentence and to withdraw his guilty pleas on the ground that he had not been informed that under 18 U.S.C.A. § 3568 service of his federal sentence would not commence until he was received in federal custody, after service of any state sentence that might subsequently be imposed. We conclude that the district court properly denied the motions.

While in custody in the State of New York upon charges of forgery and grand larceny, Cobb was indicted by a federal grand jury in the Middle District of North Carolina on two indictments charging interstate transportation of a stolen motor vehicle and making false statements to federally insured banks to obtain loans. 18 U.S.C.A. § 2312; 18 U.S.C.A. § 1014. Upon a writ of habeas corpus ad prosequendum he was delivered into federal custody and transported to North Carolina for trial. There, pursuant to a plea bargain, he entered guilty pleas to the indictment charging interstate transportation of a stolen vehicle and some of the counts for having made false statements to banks. Consecutive sentences of three years and one year were imposed upon him on the two pleas, for an aggregate of four years. Cobb was then returned to New York where he pleaded guilty to the state charges and began service of an indeterminate sentence.

Before imposing the federal sentences, the district judge questioned Cobb to determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea," as required by Rule 11 as it then read before the 1975 amendment. The requirements of the rule were fully satisfied unless, as Cobb contends, the potential effect of § 3568 was a consequence of the plea within the meaning of the Rule. We think it was not.

At the time the federal sentences were imposed, it was known that there were pending state charges against him in New York. It was not known whether the state charges might be dropped in light of the imposition of the federal sentences, whether if put to trial he might be acquitted, or whether, if convicted, the state sentence might be suspended or made to run concurrently with the federal sentences. Under § 3568, the district judge had no power to make the federal sentences to run concurrently with any sentence which might subsequently be imposed upon Cobb in the state of New York. The time when service of his federal sentences was commenced was entirely dependent upon subsequent

events in New York, entirely beyond the control of the district judge.

The district judge might have explained the situation to Cobb. Had he done so, all risk of misunderstanding would have been avoided, but the New York sentences did not enlarge the federal sentences. The necessity of first serving the New York State sentences postponed commencement of service of the federal sentences but did nothing to increase them. We think that the operation of the statute was entirely a collateral consequence of the plea and its acceptance.

This precise question was presented to the Third Circuit in *Kincade v. United States*, 559 F.2d 906 (3d Cir. 1976). We adopt the reasoning of that opinion.

In a somewhat different factual situation, the Fifth, Seventh and Tenth Circuits have held that there is no general duty under Rule 11 to inform a defendant of § 3568. *See Faulisi v. Daggett*, 527 F.2d 305, 307–08 (7th Cir. 1975); *United States v. Saldana*, 505 F.2d 628, 629 (5th Cir. 1974); *Williams v. United States*, 500 F.2d 42, 44 (10th Cir. 1974); *Tindall v. United States*, 469 F.2d 92 (5th Cir. 1972); *Opela v. United States*, 415 F.2d 231, 232 (5th Cir. 1969); *Greathouse v. United States*, 548 F.2d 225, 227–28 (8th Cir. 1977).

In *United States v. Myers*, 451 F.2d 402 (9th Cir. 1972), a different view was taken. There it was pointed out, quite correctly, that the statute becomes operative immediately upon the prisoner's return to state custody, and that it is not dependent upon a subsequent conviction in the state court. Still, it is not an enlargement of the federal sentence, nor an immediate and direct consequence of the plea. Indeed, the federal sentence may well have been lighter than it would have been had there been no pending state charges.

*Myers* seems to have been followed only in *Love v. United States*, 392 F.Supp. 1113 (E.D.N.C.1975).

AFFIRMED.