891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Michael AUSTIN, Defendant-Appellant.
 No. 89-5096.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 29, 1989.
Decided: Nov. 14, 1989.
Rehearing and Rehearing In Banc Denied Jan. 3, 1990.
 
 Wm. Reynolds Williams, Willcox, Hardee, McLeod, Buyck, Baker & Williams, on brief, for appellant.
 E. Bart Daniel, United States Attorney; Eric Wm. Ruschky, Assistant United States Attorney, on brief, for appellee.
 Before PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Michael Austin was convicted under 18 U.S.C. §§ 922(g) and 924(a) for possession of a firearm by a convicted felon. The sentencing court sentenced Austin under the federal sentencing guidelines to ten months incarceration, set to begin upon Austin's release from the state penitentiary wherein Austin was serving a ten-year sentence for burglary and armed robbery. The undisputed evidence at trial revealed that Austin committed the state burglary and armed robbery offenses simultaneously with the federal firearms violation.
 
 
 2
 Austin first argues that, because the state and federal violations occurred simultaneously, the trial judge improperly considered the state armed robbery conviction and therefore erroneously computed Austin's criminal history category to be V instead of IV. Under the sentencing guidelines for Austin's particular offense level, the sentencing range for criminal history category V is twelve to eighteen months and for criminal history category IV is eight to fourteen months.
 
 
 3
 Because the ten-month sentence imposed fell within the range for either criminal history category, and because the sentencing judge expressly stated that he would have imposed a ten-month sentence under either category, we affirm the length of the sentence without reaching the propriety of including the state law claim in computing the criminal history category. See United States v. White, 875 F.2d 427, 432 (4th Cir.1989) (court need not resolve guideline disputes where sentence imposed falls within two arguably applicable guidelines and same sentence would have been imposed in either case).
 
 
 4
 Austin's next argument--that the sentencing judge should have set the federal sentence to run concurrently with the state sentence--is similarly without merit. A federal court has no power to order a sentence to run concurrently with a state sentence inasmuch as a federal term cannot begin until a prisoner has been received by federal authorities under 18 U.S.C. § 3568. See United States v. Segal, 549 F.2d 1293, 1301 (9th Cir.1977). Cf. Cobb v. United States, 583 F.2d 695, 697 (4th Cir.1978). Accordingly, the sentencing court's decision is affirmed.
 
 
 5
 AFFIRMED.