UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-7459

DARIN EUGENE JETER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-95-319, CA-97-937-3-17)

Submitted: July 28, 1998

Decided: August 11, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Darin Eugene Jeter, Appellant Pro Se. Beth Drake, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darin Eugene Jeter, who was in state custody awaiting disposition of related state charges, appeared in federal court on February 1, 1996, pursuant to a writ of habeas corpus ad prosequendum, and pled guilty to being a felon in possession of a firearm. In return, the United States dismissed a second firearms charge and moved for a downward departure based on substantial assistance. On April 30, 1996, the district court sentenced Jeter to sixty-four months imprisonment. On May 17, Jeter was returned to state custody.

On October 28, Jeter pled guilty to state charges of burglary and grand larceny. The state court imposed a sentence of six years on the burglary charge, gave Jeter credit for time served since October 1995, and ordered that the burglary sentence run concurrently with the federal sentence. The court also imposed a five-year sentence on the grand larceny charge to run consecutive to the federal sentence. However, because Jeter remained in state custody, his federal sentence had not yet begun to run. See 18 U.S.C. § 3585(a) (1994) (sentence runs from the date on which the defendant is received at the prison for service of the sentence).

Jeter then filed a motion under 28 U.S.C.A. § 2255 (West 1995 & Supp. 1998), claiming that he was denied effective assistance of counsel because his attorney had not advised him that his federal sentence could not run concurrently with his state sentence and that his plea was involuntary because he did not understand the same. His court appointed attorney filed a Fed. R. Crim. P. 36 motion seeking correction of the terms of Jeter's sentence and an order that Jeter's federal sentence commence on the date he first appeared in federal court.*

_____

*As a threshold matter, because neither a § 2255 motion nor a Rule 36 motion applies to attacks on the execution of a sentence, the portion of Jeter's claim seeking credit on his federal sentence will be construed as a 28 U.S.C. § 2241 (1994) petition. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

2

On June 13, 1997, the district court granted Jeter partial relief and amended its judgment and conviction in the case to provide that the state facility at which Jeter was serving his state sentence was designated as the place of service of the federal sentence. According to the terms of the June 13 order, the federal and state sentences would run concurrently from June 13, 1997, forward.

Jeter filed two motions for reconsideration seeking that the June 13 order be made retroactive so that his federal and state sentences would be deemed to run concurrently from an earlier date. The district court denied the motions. Jeter timely appealed. The United States did not appeal. Because we are unable to determine whether the district court had authority to decide Jeter's claim that the district court's June 13 order should be applied retroactively, we vacate and remand for further consideration.

The district court made no finding as to whether Jeter satisfied the exhaustion requirement for 28 U.S.C. § 2241 (1994) claims. However, the Supreme Court has expressly held that a district court does not have the jurisdiction to make the initial determination to award sentence credit for time spent in official detention. Rather, the Attorney General, through the Bureau of Prisons, is to make that determination. Review of the Bureau of Prisons' determination is available through the administrative process and ultimately, after the exhaustion of administrative remedies, in the district court. See United States v. Wilson, 503 U.S. 329, 334-35 (1992).

The United States notes that Jeter filed a letter with the district court asserting that he requested credit for time served in state custody from the Bureau of Prisons and that his request was denied. However, the record contains neither this letter nor any documentation from the Bureau of Prisons. Further, it is unclear whether Jeter's request was formal or informal and whether he attempted to appeal the denial. See 28 C.F.R. §§ 542.10-542.16 (1997). In any event, the district court made no finding on this issue.

While it is true that the United States did not raise this issue below, exhaustion of administrative remedies in this context is not waivable. Until the Attorney General makes a sentence credit determination under 18 U.S.C. § 3585(b) (1994), the case is not ripe for review by

3

the district court. See United States v. Jenkins , 38 F.3d 1143, 1144 (10th Cir. 1994) (vacating district court's award of sentence credit even though the United States did not raise exhaustion as a defense in district court); United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir. 1992) (reversing order of the district court denying sentence credit where the Bureau of Prisons had not issued a decision, even though the United States expressly waived exhaustion requirements).

Accordingly, the district court's consideration of the case was premature. We, therefore, grant a certificate of appealability, vacate the district court's order to the extent it denies Jeter credit towards his federal sentence for time served before June 13, 1997, and remand the case to the district court for consideration of whether Jeter exhausted administrative remedies.

For the reasons discussed above, the district court also incorrectly granted Jeter's motions in part, ordering that his sentences run concurrently from June 13, 1997, forward. However, the United States neither raised the exhaustion requirements below nor appealed the order of the district court. After consideration of the issue, we decline to exercise our discretion to correct this error on the unappealed portion of the district court's order.

Finally, we affirm the remainder of the district court's orders which denied Jeter's ineffective assistance and involuntary guilty plea claims. An attorney is not ineffective for failing to explain an entirely collateral consequence of a plea to a defendant. See United States v. Yearwood, 863 F.2d 6, 7-8 (4th Cir. 1988). Because operation of § 3585 is collateral to Jeter's sentence, see Cobb v. United States, 583 F.2d 695, 696-97 (4th Cir. 1978) (discussing similar, repealed statute), counsel was not ineffective. In addition, because he was advised of all direct consequences of his plea, Jeter's plea was not involuntary. Id.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

4