REVISED November 29, 2000

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50011
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VITERBO HERNANDEZ, JR., also known as Luis Roland Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

November 21, 2000

Before DUHÉ and PARKER, Circuit Judges, and FOLSOM,[1] District
Judge.

PER CURIAM:

Appellant Viterbo Hernandez, Jr. ("Hernandez") appeals the
district court's denial of his federal habeas petition.  In his
petition, Hernandez argued, among other things, that the district
court's failure to warn him that his federal term of imprisonment
would run consecutive to his anticipated state sentence rendered
his federal guilty plea involuntary.  We granted Hernandez a

_____

[1]District Judge of the Eastern District of Texas, sitting by
designation.

certificate of appealability as to that issue only.  Finding no error, we affirm.

**BACKGROUND**

On November 9, 1993, while in the custody of the State of Texas awaiting trial on charges of distribution of marijuana, Hernandez was indicted for conspiracy to possess with intent to distribute the same marijuana in violation of 21 U.S.C. §§ 841 & 846.  On December 6, 1993, a magistrate judge, via writ of habeas corpus ad prosequendum, ordered Hernandez's transfer into federal custody.  On April 22, 1994, pursuant to a plea agreement with the government, Hernandez pled guilty to the federal charge in district court.  The district court, on September 16, 1994, sentenced Hernandez to 188 months' imprisonment followed by five years' supervised release.  The court did not indicate whether Hernandez's federal term of imprisonment was to run concurrent with or consecutive to any forthcoming state term of imprisonment.  Hernandez was thereafter transferred into state custody, where, on October 5, 1994, pursuant to another plea agreement, he pled guilty to the pending state charges.  The state court subsequently sentenced Hernandez to a 20-year term of imprisonment to run concurrent with his federal term.

Sometime thereafter, Hernandez discovered that he was not receiving credit against his federal term of imprisonment for time served in state prison.  On August 26, 1996, Hernandez moved

2

the federal district court for an order that would make his federal sentence run concurrent with his state sentence; in the alternative, Hernandez sought an order delivering him into federal custody so that he could begin his federal term of imprisonment. Hernandez's motion was denied November 5, 1996.

On February 26, 1997, Hernandez filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In a subsequent supporting brief, and for the first time in federal court, Hernandez argued that his state-court attorneys reached an agreement with state and federal prosecutors, the substance of which was that, in exchange for his guilty pleas, Hernandez would serve his federal term of imprisonment while his state term ran concurrently. Hernandez argued that his attorneys' failure to advise him that he could receive a consecutive federal sentence constituted ineffective assistance of counsel. Hernandez also argued that the district court's failure to warn him that his federal sentence might run consecutive to his state sentence rendered his federal plea involuntary. He contended that had he known of this possibility, he would not have pled guilty to the federal charges.

In support of his petition, Hernandez offered the affidavit of state prosecutor Susan Brown, who stated that she "had numerous discussions" with Hernandez's state-court attorneys and federal prosecutors. Brown stated that "all parties came to an agreement" that Hernandez would be permitted to serve his federal

3

sentence while his state sentence ran concurrently. She further stated that state prosecutors were advised that, to effectuate the agreement, Hernandez had to enter his federal plea first and that, to this end, entry of Hernandez's state plea was continued several times. Hernandez also offered the affidavit of one of his state-court attorneys, Aron Pena, who stated that it was the "understanding of everyone concerned" that Hernandez would be permitted to receive credit against his state sentence while serving his federal term of imprisonment.[2]

On August 28, 1998, the district court concluded that, under the terms of Hernandez's federal plea agreement, all issues raised in his § 2255 petition were waived with one exception: whether the court's failure to warn Hernandez that his federal sentence would run consecutive to his state sentence rendered his federal plea involuntary. As to that issue alone, the district court ordered an evidentiary hearing, which was conducted December 1, 1998.

At the hearing, Hernandez restated the terms of the purported agreement between his state-court attorneys and state and federal prosecutors. Hernandez admitted that his federal plea agreement was silent as to whether his federal sentence

---

[2] In early 1997, Hernandez sought relief in state court, and on March 3, 1998, with the assistance of state prosecutors, an order of dismissal was issued with respect to the state charges. Thereafter, having spent approximately five years in state prison, Hernandez was delivered into federal custody to begin his federal sentence.

would run consecutive to or concurrent with his state sentence. He also acknowledged that he had no discussions with his federal-court attorney, Ron Moody, concerning the alleged sentencing agreement. Further, the parties stipulated that Moody had no knowledge of any agreement that would have Hernandez's federal sentence run concurrent with his state sentence. Hernandez's other state-court attorney, Antonio Balderas, testified that he did not remember whether he discussed the purported sentencing scheme with federal prosecutors. Likewise, federal prosecutor Mark Frazier testified that he remembered having only vague discussions with state prosecutors and Hernandez's state attorneys concerning the possibility of a concurrent sentence.

On December 22, 1998, the district court denied Hernandez's § 2255 motion, finding that the federal government made no promises with respect to Hernandez's federal term of imprisonment. That day, the district court entered final judgment; Hernandez's timely request for a certificate of appealability ("COA") was later denied. We granted Hernandez a COA solely on the issue of whether the "district court's failure to inform him that his state and federal sentences might run consecutively" rendered his guilty plea involuntary.

## DISCUSSION

### I.

The validity of a guilty plea is a question of law we review de novo. See United States v. Amaya, 111 F.3d 386, 388 (5th Cir. 1998). "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."[3] Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000). To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." See Boykin v. Alabama, 395 U.S. 238, 244 (1970). The defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur. See Trujillo v. United States, 377 F.2d 266, 266 (5th Cir.), cert. denied, 389 U.S. 899 (1967).

The district court's authority (or lack thereof) to order consecutive or concurrent terms of imprisonment is described in 18 U.S.C. § 3584. We have not before considered whether a defendant must be advised of § 3584's effect. Prior to September 1, 1987 (§ 3584's effective date), 18 U.S.C. § 3568 required that a federal term of imprisonment run consecutive to any other

---

[3]   The terms "voluntary" and "knowing" are frequently used interchangeably, although, strictly speaking, the terms embody different concepts. Compare 1A Charles Alan Wright, Federal Practice and Procedure § 172, 142-44 (3d ed. 1999)(stating a plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature), with id. § 173, 171-73(stating that a plea is not knowing unless, among other things, defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term").

sentence to which a defendant was subject.[4]  In <u>United States v. Myers</u>, 451 F.2d 402 (9th Cir. 1972), the Ninth Circuit held that § 3568 was a direct consequence of a guilty plea, the effect of which a defendant must be advised.  In that case, defendant (Myers) pled guilty to and was sentenced on federal charges while in state custody awaiting trial on separate charges.  Myers was subsequently convicted of the state charges; after he was paroled from state prison, he began his federal term but was not credited for his state time.  Myers filed a habeas petition in federal court, alleging that § 3568 was a direct consequence of his guilty plea and that the district court's failure to advise him of its effect rendered his plea involuntary.  The Ninth Circuit agreed.  The court noted that under § 3568, the district court was "powerless" to impose a concurrent federal sentence, making the "impact of § 3568 [] a factor that necessarily affected Myers' maximum imprisonment."  <u>Id.</u> at 404.  Since "at all pertinent times" the district court was aware that Myers was in state custody, the court concluded that the district court was required to advise Myers that he would not begin his federal sentence until he was received in federal custody.  <u>Id.</u>

The Ninth Circuit, however, stood alone in requiring that a defendant be advised of § 3568's effect.  <u>Cobb v. United States</u>,

---

[4]      Section 3568 provided, in relevant part: "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . ."

583 F.2d 695 (4th Cir. 1978)(per curiam), presented a case with facts virtually identical to those in Myers: defendant (Cobb) was delivered from state custody (where he was awaiting trial on state charges) into federal hands to face charges in federal court. Cobb pled guilty to and was sentenced on the federal charges and was transferred back to state custody. Cobb thereafter pled and was sentenced on the state charges and began his state term of imprisonment. Like the defendant in Myers, Cobb moved the court to permit withdrawal of his federal plea on the grounds that it was rendered involuntary by the district court's failure to advise of § 3568's effect. The Fourth Circuit agreed with the Ninth Circuit's conclusion in Myers that § 3568 was effective immediately upon Cobb's return to state custody and that the district court was without power to order concurrent sentences. Id. at 696-97. But the Fourth Circuit concluded that the statue was not a direct consequence of the guilty plea since it merely "postponed commencement" of the federal terms of imprisonment and "did nothing to increase them." Id. at 697.

Likewise, the Third Circuit in Kincade v. United States, 559 F.2d 906 (3d Cir.)(per curiam), cert. denied, 434 U.S. 970 (1977), a case with facts in accord with those in Cobb and Myers, concluded that § 3568's effect was not a consequence of which defendant must be advised. In Kincade, the court stated:

> [C]onsequences no matter how unpalatable which are not related to the length or nature of the federal sentence cannot be considered direct consequences. In the

8

> instant case, section 3568 had no effect whatever upon the length of the federal sentence. The statute did operate to increase the length of Kincade's overall incarceration, but not by modifying his federal punishment.

Id. at 909 (footnote omitted). We have several times reached the same result as the Third and Fourth Circuits with respect to § 3568, though our reasoning was consistently less expressive. See Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir.)("The consequences of guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged."), cert. denied, 459 U.S. 867 (1982); United States v. Saldana, 505 F.2d 628, 628 (5th Cir. 1974)(per curiam)(stating that Rule 11 "requires the judge to advise the defendant of the maximum sentence possible, but there is no requirement to advise a defendant of every 'but for' consequence which follows from a guilty plea"); Haynes v. Henderson, 480 F.2d 550, 551 (5th Cir. 1973)(per curiam)(finding no error where the district court advised defendant "that he could be sentenced to serve up to nine years in the penitentiary, in the sole discretion of the court"); Tindall v. United States, 469 F.2d 92, 92-93 (5th Cir. 1972)(per curiam)(concluding that the requirements of Rule 11 are met so long as the trial court clearly advised defendant of the maximum sentence possible).

**II.**

9

We conclude that the effect of 18 U.S.C. § 3584 is not a consequence of which a defendant must be advised before a guilty plea may be accepted. Section 3584 provides, in relevant part:

> **Imposition of concurrent or consecutive terms**.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . .

18 U.S.C. § 3584(a). Although the plain language of § 3584 suggests that the district court is without discretion to order that a federal term of imprisonment run concurrent with a yet-to-be-imposed state sentence, we have found to the contrary. See United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.)(per curiam)(stating that under § 3584 the district court may order that a federal term of imprisonment run either concurrent with or consecutive to an anticipated state sentence), cert. denied, 500 U.S. 925 (1991); see also United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.)(same), cert. denied, 516 U.S. 826 (1995). Since, under our precedent, the district court may order that a federal sentence run concurrent with a forthcoming state sentence, a consecutive sentence is not a necessary consequence of § 3584's application.

Moreover, were we to follow the circuits that have concluded that a district court has no discretion to order that a federal sentence run concurrent to a state sentence unless the latter has

10

already been imposed,[5] we would, following the persuasive reasoning of <u>Cobb</u> and <u>Kincade</u> and our own precedents under § 3584's predecessor, arrive at the same result. As discussed above, the Fourth Circuit in <u>Cobb</u> and the Third Circuit in <u>Kincade</u> held that the district court need only advise a defendant of consequences that affect his federal sentence. Thus, the application of a no-discretion construction of § 3584, the effect of which would be that the federal sentence would run consecutive to a later-imposed state sentence, would not affect the length of defendant's federal term of imprisonment and therefore is not a consequence of which defendant must be warned. <u>See</u> <u>United States v. Parkins</u>, 25 F.3d 114, 118-19 (2d Cir.), <u>cert. denied</u>, 513 U.S. 1008 (1994); <u>see also</u> <u>United States v. Ray</u>, 828 F.2d 399, 417-19 (7th Cir. 1987)(dicta), <u>cert. denied sub nom.</u>, <u>McChristion v. United States</u>, 484 U.S. 1045 (1988).

Hernandez urges us to follow the Ninth Circuit's opinion <u>United States v. Neely</u>, 38 F.3d 458 (9th Cir. 1994). In <u>Neely</u>, the court held that a defendant must be warned of § 3584's effect where the district court has no discretion under the same. <u>Id.</u> at 460-61. As we have noted, in this circuit, that situation does not exist. Were we to apply a limited-discretion

---

[5] <u>See</u> <u>Romadine v. United States</u>, 206 F.3d 731, 737-38 (7th Cir. 2000); <u>United States v. Quintero</u>, 157 F.3d 1038, 1039 (6th Cir. 1998); <u>United States v. Clayton</u>, 927 F.2d 491, 492-93 (9th Cir. 1991); <u>see also</u> <u>United States v. Smith</u>, 101 F. Supp. 2d 332, 343-46 (W.D. Pa. 2000).

11

construction of § 3584, we would follow the analysis discussed above.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.[6]

---

[6] Having found that Hernandez's plea was validly entered, we need not address the government's contention that Hernandez waived his right to challenge his plea.