United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41263
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALEJANDRO GUERRERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-86-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Alejandro Guerrero appeals the 90-month sentence he received following his guilty-plea conviction for conspiracy to possess with the intent to distribute and possession with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. Specifically, Guerrero challenges the district court's order that the sentence be imposed consecutively to an anticipated sentence on a pending drug charge in Hays County, Texas.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the argument is raised for the first time on appeal, it is reviewed for plain error only. Guerrero must show that there was a clear or obvious error which affected his substantial rights. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

The district court had the authority to impose Guerrero's sentence consecutively to a future state-court sentence. See 18 U.S.C. § 3584(a); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991); see also United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000). Guerrero's complaint that he was not given notice of the district court's intention to impose his sentence consecutively to a future state sentence is unavailing as no such notice was required. See Hernandez, 234 F.3d at 256. His assertion that the district court's imposition of a consecutive sentence violates the principles of comity is similarly unavailing. See Leal v. Tombone, 341 F.3d 427, 429 & n.13 (5th Cir. 2003). Although Guerrero argues that the imposition of a consecutive sentence is error because the instant case is factually unrelated to the state-court charge, he provides no authority for his contention that the two charges must be related before a consecutive sentence may be imposed. The statute does not require relatedness. § 3584(a).

The district court's judgment is AFFIRMED.