# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2013

Lyle W. Cayce
Clerk

No. 12-20047

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

IGNACIO CERVANTES DIAZ, also known as Nacho,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CR-369-2

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant Ignacio Cervantes Diaz ("Diaz") appeals his guilty plea conviction for possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Diaz argues that his guilty plea was unknowing and involuntary because the calculation of his guideline sentence was based on a drug quantity higher than the drug quantity orally agreed to between him and the Government. Finding no plain error, we AFFIRM for the reasons more fully set forth below.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20047

I.

On January 27, 2011, a superseding indictment was filed charging Diaz with possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); on January 28, 2011, Diaz pled guilty pursuant to a plea agreement. At the plea hearing, Diaz stated that he had read the plea agreement and understood its contents and stated that no promises or assurances had been made to induce his guilty plea.

The initial Presentence Report ("PSR") recommended that Diaz be held responsible for 213.6 kilograms of marijuana seized on March 21, 2010 (the charged offense), as well as 553 pounds of marijuana seized on September 3, 2009, and 24 kilograms of cocaine seized on October 24, 2009. Diaz and the Government objected to the drug quantity, arguing that the parties intended that he would be held responsible only for 213.6 kilograms of marijuana related to the charged offense. The probation officer responded that the additional drug quantities were part of the same course of conduct or common scheme or plan and that the district court was not bound to follow stipulations in the plea agreement.

On October 24, 2011, a second PSR was completed which deleted the 553 pounds of marijuana seized on September 3, 2009, but kept the 24 kilograms of cocaine that was seized on October 24, 2009, and added 28.4 kilograms of cocaine that was seized on October 21, 2009, along with the 213.6 kilograms of marijuana seized on March 21, 2010. The probation officer explained that the three drug seizures in the revised PSR were part of the same course of conduct and common scheme or plan because of temporal proximity, involvement of the same accomplices, a common victim, and a similar modus operandi. Further, the probation officer noted that the findings were based on facts presented in the investigative materials and supported by Diaz's own admissions as well as details provided by other criminal participants. The probation officer concluded

2

No. 12-20047

that Diaz was responsible for much more than the three drug transactions for which he was being held responsible. Again, Diaz and the Government objected to the drug quantity in the revised PSR, arguing that Diaz should only be held responsible for the 213.6 kilograms of marijuana seized on March 21, 2010.

At the sentencing hearing in January 2012, the district court denied the objections to the PSR. The district court sentenced Diaz within the advisory guidelines range of 108 to 135 months to 108 months of imprisonment and five years of supervised release. Diaz appeals.

## II.

The Government argues that Diaz knowingly and voluntarily waived his right to appeal as part of his plea agreement and that the appeal waiver is valid and should be enforced. The plea agreement provides that the defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. The plea agreement, however, does not bar the instant appeal because Diaz's only argument is that his guilty plea was unknowing and involuntary. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

## III.

Although Diaz and the Government objected to the PSR on the grounds that they intended that he be held responsible for only the 213.6 kilogram load of marijuana, Diaz did not argue in the district court that his guilty plea was unknowing and involuntary. As such, this court's review is for plain error.[1] To demonstrate plain error, Diaz must show a forfeited error that is clear or obvious and that affects his substantial rights, and this court generally will exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity

---

[1] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) ("A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for [this court's] review.") (internal quotation marks and citation omitted).

No. 12-20047

or public reputation of judicial proceedings." *Puckett v. United States,* 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

IV.

The crux of the case is whether Diaz's guilty plea was unknowing and involuntary. Diaz argues that his guilty plea was induced by an agreement with the Government that he would be held responsible for only the 213.6 kilograms of marijuana and no other criminal activities would be taken into consideration during sentencing. He asserts that because of the misrepresentation by the Government and defense counsel, he lacked a full understanding of the plea and its consequences.

Whether a guilty plea is knowing looks to whether the defendant understands the direct consequences of his plea including the maximum possible penalty, while voluntariness looks to whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises. *United States v. Hernandez*, 234 F.3d 252, 255 & n.3 (5th Cir. 2000) (28 U.S.C. § 2255 case); *see also* Fed. R. Crim. P. 11(b)(2) (voluntariness inquiry). Regarding sentencing consequences, the defendant must know only his "maximum prison term and fine for the offense charged." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (internal quotation marks and citation omitted). In making this determination, this court bears in mind that "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (28 U.S.C. § 2255 case).

The record weighs against Diaz's argument that his plea was unknowing because he clearly understood the direct consequences of his plea, including the maximum possible penalty. The plea agreement did not expressly state that Diaz would be held accountable for only the 213.6 kilogram load of marijuana. Diaz

was aware that a sentence had not yet been determined. He was also aware that any estimate of the sentencing range under the Sentencing Guidelines that he might have received from his counsel, the Government, or the Probation Office was a prediction, not a promise, and did not induce his guilty plea. Moreover, the plea agreement stated that Diaz understood and agreed that the Sentencing Guidelines were advisory and that the district court was not bound by them. Furthermore, the plea agreement does not state that the district court would refrain from using relevant conduct, where appropriate, to calculate the offense level.

Diaz's argument that his plea is involuntary is unavailing because he affirmed in open court under oath that his plea was not induced by threats, misrepresentation, unfulfilled promises, or improper promises. *See Hernandez*, 234 F.3d at 255 & n.3. Diaz acknowledged that he had consulted with his counsel and that he fully understood his rights concerning the indictment. Diaz also acknowledged that his counsel fully explained and that he understood the guidelines provisions that may apply to his case, and that he had read, understood, and voluntarily agreed to the terms of the plea agreement. At the rearraignment, the district court asked Diaz whether he had read and discussed the plea agreement with his counsel, and he answered affirmatively. The district court also advised him of the statutory maximum penalties for the offense, explained supervised release, and explained that the sentence would be determined based on the Sentencing Guidelines; again, Diaz stated that he understood. He also stated that he understood that if the Government made a recommendation for leniency and the court did not grant that leniency, he would still have to stand by his guilty plea and would not be able to withdraw it. Notably, Diaz acknowledged before the district court that he did not have any other agreement with the Government other than that set forth in the plea agreement; that he had not received any promise or assurance of any kind to get

No. 12-20047

him to plead guilty; and that he had not been threatened or coerced into pleading guilty by the Government or anyone else. Diaz's statements at the rearraignment hearing carry "a strong presumption of verity." *McKnight*, 570 F.3d at 649 (internal quotation marks and citation omitted).

Furthermore, the guidelines make clear that the district court is not bound by a stipulation of the parties but may determine the facts with the aid of the PSR and additional evidence taken at sentencing. U.S. Sentencing Guidelines Manual § 6B1.4(d) [hereinafter U.S.S.G.]; *United States v. Woods*, 907 F.2d 1540, 1542 (5th Cir. 1990). The district court is entitled to base a defendant's sentence upon a significantly larger amount of drugs than charged in the indictment and stipulated by the parties at the time of the guilty plea. *Id.*; *see also United States v. Garcia*, 902 F.2d 324, 326-27 (5th Cir. 1990) (rejecting argument that the district court was bound by the stipulation of drug quantity in the plea agreement and holding that the court may determine the facts relative to sentencing with the aid of the PSR). The guidelines include a defendant's relevant conduct in calculating a base offense level, by adding drug amounts that were part of the same course of conduct or common scheme or plan as the offense of conviction.[2] Conduct that is charged in dismissed counts of an indictment may be considered as relevant conduct for sentencing purposes. *United States v. Vital*, 68 F.3d 114, 118-19 (5th Cir. 1995) (drug quantity case).

Any understanding or intent shared by the Government and Diaz concerning the drug quantity upon which Diaz's sentence would be based does not undermine the overwhelming evidence in the record that his plea was knowing and voluntary.

---

[2] *See* U.S.S.G. § 1B1.3(a)(1)(B), (a)(2); *see also* U.S.S.G. § 6B1.2(a) ("a plea agreement that includes the dismissal of a charge . . . shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which defendant is convicted.").

No. 12-20047

## V.

Because we reject Diaz's argument that his plea agreement was unknowing and involuntary, we AFFIRM the judgment of the district court. AFFIRMED.