# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

No. 15-31023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LASHAWN QUINN, also known as Monk Quinn,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-77-3

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Lashawn Quinn pleaded guilty to one count of conspiracy to distribute one kilogram or more of heroin. On appeal, he challenges the district court's denial of his motion to withdraw his guilty plea.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Badger*, 925 F.2d 101, 103 (5th Cir. 1991). The district court has "broad discretion" when considering a motion to withdraw.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-31023

*United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (internal quotation marks and citation omitted).  A defendant may withdraw his guilty plea that the district court has accepted if "the defendant can show a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  In assessing whether there is a fair and just reason for withdrawal of the guilty plea, the district court considers seven factors.  *United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997) (citing *Carr*, 740 F.2d at 343-44).  These *Carr* factors are considered in the totality of the circumstances, and the district court is not required to make a finding as to each individual factor.  *United States v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007).

Quinn's complaints primarily implicate three of the seven *Carr* factors: whether he asserted his innocence, whether close assistance of counsel was available, and whether his plea was knowing and voluntary.  These three factors do not, however, weigh in his favor.  His assertion of innocence is unsupported in the record, *see United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991), as is his assertion that he did not receive close assistance of counsel throughout the plea process, *see United States v. McKnight*, 570 F.3d 641, 646-48 (5th Cir. 2009); *United States v. Herrod*, 595 F. App'x 402 (5th Cir. 2015).  There is no indication that Quinn's plea was not knowing, given that he was advised of and understood the consequences of his guilty plea.  *See United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000).  Neither is there any indication that his plea was not voluntary, as he stated under oath that he was not forced or threatened into pleading guilty.  *See Clark*, 931 F.2d at 295.

The remaining four *Carr* factors (whether he delayed in filing the withdrawal motion; whether withdrawal would inconvenience the court; whether withdrawal would waste judicial resources; and whether withdrawal would prejudice the government) do not weigh in Quinn's favor either.  Quinn's

No. 15-31023

withdrawal motion was filed five months after his guilty plea was accepted, and he does not explain the reason for the delay. *See Carr*, 740 F.2d at 345 (motion filed 22 days after guilty plea was "not promptly filed"). Quinn makes no real argument in support of the other factors, and the district court was in the best position to determine the effects of a delay on the court's time and resources. *See id.* at 345-46.

AFFIRMED.