# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30992
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAWANDA NEVERS, also known as Shawanda Hawkins, also known as
Shawanda Bryant, also known as Shawanda Johnson,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CR-88-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Shawanda Nevers appeals her four consecutive 21-month prison
sentences arising from her guilty-plea conviction on four counts of aiding the
presentation of a false income tax return. Nevers contends that she is entitled
to resentencing because the district court plainly erred in determining the tax
loss amount on which her guidelines sentence was based. While the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30992

Government asserts that Nevers's appeal is barred by the appeal waiver in her plea agreement, Nevers argues that the waiver is unenforceable because her guilty plea was unknowing given that the district court failed to properly inform her that she faced a maximum prison sentence of 12 years should the terms run consecutively.

We normally review the validity of a guilty plea de novo. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). However, where, as here, a defendant fails to lodge an objection concerning his plea in the district court, we apply a plain error analysis. *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). While Nevers contests the applicability of the plain error standard to this issue, her challenge to the knowing nature of her guilty plea fails under even the de novo standard, as discussed below.

A knowing and voluntary guilty plea is required for an enforceable waiver of appeal. *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997). "To enter a knowing and voluntary guilty plea, the defendant must have a full understanding of what the plea connotes and of its consequence." *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014) (internal quotation marks and citation omitted). With respect to potential confinement, the defendant need only know the statutory maximum prison term for the charged offenses. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996); *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990); *see also* FED. R. CRIM. P. 11(b)(1)(H).

As Nevers acknowledges, the district court accurately informed her at rearraignment that three years was "the maximum possible sentence that could be imposed on [her] in the event of a conviction with respect to each of" the four counts of conviction. *See* 26 U.S.C. § 7206(2). Under 18 U.S.C. § 3584(a), a district court generally has discretion to order that multiple prison

terms run consecutively, and we have "conclude[d] that the effect of [§ 3584] is not a consequence of which a defendant must be advised before a guilty plea may be accepted." *Hernandez*, 234 F.3d at 256.

In light of the foregoing, Nevers's guilty plea was knowing and voluntary, and her appeal waiver is enforceable. *See Dees*, 125 F.3d at 269. The appeal is DISMISSED.