# United States Court of Appeals for the Fifth Circuit

---

No. 23-10093
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Henry Kelley, III,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:20-CR-243-1, 4:22-CV-81

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

James Henry Kelley, III, pled guilty, without a plea agreement, to possession of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). The district court granted Kelley's motion for a downward variance based on a policy disagreement

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

with the methamphetamine guidelines. Relevant here, the district court overruled the Government's objection to the probation officer's recommendation not to apply a two-level reckless endangerment enhancement under U.S.S.G. § 3C1.2; the district court agreed that an enhancement was not warranted based on Kelley's conduct. The district court sentenced Kelley to 180 months of imprisonment and imposed a four-year term of supervised release.

Kelley now challenges his guilty plea and sentence, arguing that both were based on erroneous material information or assumptions. He also filed an opposed motion requesting that this court take judicial notice of the docket sheet and documents filed in a personal injury lawsuit that he filed against the City of Fort Worth—documents that were not before the district court but which he contends show that his conduct was not reckless, contrary to the Government's arguments at sentencing. His opposed motion to modify the record on appeal by supplementing the record with those same documents was previously denied by this court.

Contrary to Kelley's assertion, the documents filed in Kelley's personal injury lawsuit are not necessary to resolve the appeal. Nevertheless, we take judicial notice of the fact that Kelley filed a personal injury lawsuit against the City of Fort Worth in Tarrant County, Texas, on August 24, 2022, seeking damages for the injuries he sustained during an August 24, 2020 vehicular collision. In all other respects, the motion is denied.

With respect to his guilty plea, Kelley raises no argument that his guilty plea was induced by threats, improper coercion, or false promises. Thus, his guilty-plea challenge does not implicate the voluntary nature of his plea but only whether his plea was knowing, which requires a full understanding of the essential components and consequences of a guilty plea. *See United States v. Hernandez*, 234 F.3d 252, 254–55 & n.3 (5th Cir. 2000).

As an initial matter, the Government correctly argues that, insofar as Kelley raised a "thinly-veiled" claim under *Brady v. Maryland*, 3737 U.S. 83 (1963), Kelley's unconditional guilty plea waived any such claim, *see United States v. Conroy*, 567 F.3d 174, 178–79 (5th Cir. 2009) (citations omitted).

As for whether Kelley's plea was knowing, the record reflects that the magistrate judge complied with the requirements of Federal Rule of Criminal Procedure 11, and that Kelley understood the nature of the charges, i.e., the elements of the offense, as well as the consequences of his guilty plea, and the nature of the constitutional protections he was waiving. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014). Kelley has not identified any error by the magistrate judge, much less shown a reasonable probability that, but for the error, he would not have entered a guilty plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Moreover, Kelley has not shown that his guilty plea was based on an erroneous fact that was material to whether he knowingly possessed a controlled substance containing 50 grams or more of a detectable amount of methamphetamine with the intent to distribute it. Accordingly, we find that Kelley's guilty plea was knowing.

With respect to his sentence, Kelley argues that the district court committed a procedural error by basing the sentence on erroneous material information or assumptions regarding the collision. We find that Kelley preserved this issue on appeal by arguing in the district court that the presentence report's description of the collision between his motorcycle and the patrol car was not accurate—specifically, by arguing that it was the fault of the police officer, who did not pull away from the curb "to clear a path" for the pursuit of Kelley but instead positioned the patrol car directly in the path of Kelley's motorcycle. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

We review a sentencing challenge under a deferential abuse-of-discretion standard regardless of whether the sentence is inside or outside the Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We "must first ensure that the district court committed no significant procedural error." *Id.* Procedural errors include "selecting a sentence based on clearly erroneous facts." *Id.* "Sentences based upon erroneous and material information or assumptions violate due process." *United States v. Gentry*, 941 F.3d 767, 788 (5th Cir. 2019) (internal quotation marks and citation omitted).

Kelley has not satisfied his burden of establishing that the district court relied on erroneous information in choosing his sentence. *See United States v. Warren*, 720 F.3d 321, 331 (5th Cir. 2013). True enough, the district court stated—in response to Kelley's argument that the collision was not caused by his reckless conduct but by the officer's reckless conduct—that it could not "hold it in [Kelley's] favor that he didn't yield. I mean, he ran, so he's put in motion what happened." But Kelley has not shown on appeal that the statements that he failed to yield and that he ran from officers were based on clearly erroneous facts. And though the Government urged the district court to impose a 188-month sentence based in part on Kelley's reckless conduct, the district court gave no indication that it agreed with the Government's assertion that Kelley was reckless and put others in danger. Indeed, the court rejected that argument in overruling the Government's objection to the decision not to apply an enhancement or upward departure or variance based on Kelley's conduct.

Finally, it is plausible from the record as a whole that the district court did not rely on erroneous facts regarding the collision in imposing the 180-month sentence, which though higher than the 151-month sentence Kelley requested was lower than the sentence recommended by the Government. In imposing the sentence, the district court made no mention of Kelley's

No. 23-10093

conduct as characterized by the Government. Rather, the court stated that it considered all of the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as the conduct that Kelley admitted in his factual resume. Kelley has not shown that the district court relied on any erroneous material facts in imposing the sentence or otherwise committed a procedural error at sentencing.

The judgment of the district court is AFFIRMED. The motion for judicial notice is GRANTED in part and DENIED in part.