# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10674
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Roy,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-336-2

_____

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:*

Michael Roy pleaded guilty, pursuant to a written plea agreement, to one count of transporting an individual in interstate commerce with the intent that the individual engage in prostitution, in violation of 18 U.S.C. § 2421, and he was sentenced within the advisory guidelines range to 97 months of imprisonment and 10 years of supervised release. He appeals his

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conviction and sentencing, arguing that his guilty plea was not knowing and voluntary because he did not believe that he would be required to comply with the requirements of the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. §§ 20901-20962, and register as a sex offender if he pleaded guilty. He also argues that the district court erred by applying, over his objections, a two-level undue influence enhancement under U.S.S.G. § 2G1.3(b)(2)(b), and a two-level computer enhancement under U.S.S.G. § 2G1.3(b)(3)(B).

We note at the outset that Roy does not discuss whether his federal offense under § 2421 is a qualifying "sex offense" for purposes of SORNA or challenge the supervised release conditions requiring that he register as a sex offender and participate in sex offender treatment and counseling. Because we will not construe his counseled brief as raising those issues, the issues are deemed waived. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Roy's challenge to his validity of his guilty plea is not barred by the appeal waiver in this case. We review his challenge for plain error, however, because he did not move to withdraw his guilty plea, and his comment at sentencing—that his plea "may not be voluntary"—was not sufficient to preserve this issue for appellate review. *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003).

The crux of Roy's argument is that he pleaded guilty based on his attorney's erroneous advice regarding SORNA's applicability.[1] He points to no evidence in the record—other than a unilaterally stricken SORNA notice

---

[1] Roy's brief fails to articulate, and thus waives, any argument that his attorney rendered ineffective assistance, *see Reagan*, 596 F.3d at 254-55, and, in any event, the record on appeal is not sufficiently developed to allow a fair evaluation of such a claim, *see United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

provision in the plea agreement—to support that argument, and the record does not indicate what advice, if any, counsel gave regarding SORNA or its application in his case.

Roy's challenge to the validity of his guilty plea is unavailing. The record shows that he understood, when he pleaded guilty, that he faced a maximum of 10 years of imprisonment and at least five years of supervised release. *See United States v. Hernandez*, 234 F.3d 252, 255-56 (5th Cir. 2000). Further, the magistrate judge complied with Federal Rule of Criminal Procedure 11, and Roy does not argue otherwise. *See Brown*, 328 F.3d at 789. Moreover, Roy does not argue that the magistrate judge erred, plainly or otherwise, by failing to discuss SORNA or possible sex offender registration requirements at rearraignment. *See Reagan*, 596 F.3d at 254-55. He therefore has not shown a clear or obvious error regarding the validity of his guilty plea. *See Puckett*, 556 U.S. at 135; *Hernandez*, 234 F.3d at 255-56.

As for his challenges to the application of the enhancements under the Guidelines, we conclude they are barred by the appeal waiver. Although Roy argues that the district court granted him leave to appeal, the district court's statements did not negate the validity of the appeal waiver. *See, e.g.*, *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). His sentencing challenges are within the scope of the appeal waiver based on the plain language of the plea agreement and do not fall within any of the noted exceptions to the waiver, *see United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005), and the Government argues for the enforcement of the waiver, *see United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

AFFIRMED.