# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2024

Lyle W. Cayce
Clerk

No. 23-10990
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricky Lynn Keeling,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:23-CR-9-1

———————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Ricky Lynn Keeling pleaded guilty to three counts of possession of child pornography and was sentenced above the guidelines range to a total of 420 months of imprisonment. On appeal, Keeling challenges the district court's compliance with Rule 11 of the Federal Rules of Criminal Procedure and the substantive reasonableness of his sentence.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10990

First, Keeling contends that the district court violated Federal Rule of Criminal Procedure 11(b)(1)(H) by failing to inform him of the possibility that the maximum 20-year terms of imprisonment for each of his counts of conviction could be ordered to run consecutively. Keeling did not preserve the claimed Rule 11 error, so we review it for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). On that standard of review, Keeling has not shown a clear or obvious error that affected his substantial rights. *See id.*; *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000); *United States v. Crain*, 877 F.3d 637, 644-45 (5th Cir. 2017).

Next, we review Keeling's preserved challenge to the substantive reasonableness of his sentence for abuse of discretion. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Based on our review of the record, and in light of our deferential standard of review, we are not persuaded that the district court erred in balancing the sentencing factors, that it gave improper weight to Keeling's prior conduct towards his family members, or that the sentence represents an unwarranted sentencing disparity. *See id.* at 724, 726.

AFFIRMED.