IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-10232

———————————

DALE LINCOLN DUKE,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Texas

———————————

May 21, 2002

Before POLITZ, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:

State prisoner Dale Lincoln Duke appeals the denial of his petition for writ of

habeas corpus under 28 U.S.C. § 2254, in which he challenges his conviction pursuant

to a plea of *nolo contendere* for aggravated sexual assault of a child younger than fourteen years of age. He complains that because he was not informed that successful completion of a sex offender program would require him to admit his guilt, his *nolo* plea was not voluntarily, knowingly, and intelligently made. Finding the requirement collateral to Duke's plea, we must affirm.

## BACKGROUND

Duke was indicted for aggravated sexual assault of a child. He entered a plea of *nolo contendere* to that charge under an agreement that the victim would testify as to the details of the assault. He acknowledged to the court his understanding that his plea would have the same effect from a criminal standpoint as a guilty plea. The trial court found that the evidence substantiated Duke's guilt and ordered him sentenced to ten-years probation with adjudication deferred and a fine of $750. The terms of probation required that he successfully complete a sexual offender treatment program.

Five years later, the State, alleging that Duke failed to successfully complete the sexual offender treatment program, moved to proceed with an adjudication of guilt. Duke had been discharged from the treatment program because he refused to admit guilt for the sexual assault. The trial court found Duke guilty of aggravated sexual assault, revoked his probation, and sentenced him to twenty years in prison. Duke did not appeal the conviction. Instead, he filed an application for writ of habeas corpus in

2

state court, which was denied.  He followed that denial with the instant action.

## ANALYSIS

Under § 2254, federal courts will not grant an application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court unless the proceedings resulted in a decision that was either: (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.[1]  To be unreasonable under § 2254 a state court's application of clearly established federal law must be objectively unreasonable, not merely incorrect or erroneous.[2]  Otherwise, the state court's factual determinations are entitled to a presumption of correctness, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence.[3]

Duke complains that his *nolo contendere* plea was not freely, voluntarily, and intelligently made because he was not informed that successful completion of a treatment program depended upon his admitting the sexual assault.  He concedes that

---

[1] 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 411-12 (2000).

[2] Id. at 409, 412.

[3] 28 U.S.C. § 2254(e)(1).

3

he agreed to attend counseling as part of his probation, but insists that there is a "big difference" between the knowledge that he must attend counseling and the knowledge that he must admit guilt as part of that counseling. Under Texas law, a plea of *nolo contendere* has the same effect as a guilty plea[4] and, therefore, must be knowingly, voluntarily, and intelligently made.[5] This requires that the defendant be informed of the consequences of his plea, however, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur."[6] Duke maintains that the requirement that he admit his guilt as part of counseling was a direct consequence of the plea. We are not persuaded.

In Hobbs v. Blackburn we explained that the direct consequences of a defendant's plea are the immediate and automatic consequences of that plea such as the maximum sentence length or fine.[7] The direct consequences of Duke's plea were that

---

[4] Matthew v. Johnson, 201 F.3d 353, 360 n. 9 (5th Cir. 2000), cert. denied, 531 U.S. 830 (2000) (citing TEX. CODE CRIM. P. art. 27.02(5)).

[5] Brady v. United States, 397 U.S. 742, 755 (1970); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985).

[6] United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000).

[7] See, e.g., Hobbs, 752 F.2d at 1082 (holding that the requirement that defendant be informed are satisfied if the defendant was informed of the maximum term of imprisonment); Hernandez, 234 F.3d at 256 (explaining that "consequences no

he would be fined and required to attend treatment, and if he failed to successfully complete his treatment he would have to serve his deferred sentence. On the other hand, as recognized by the Seventh Circuit Court of Appeals in Warren v. Richland County Circuit Court,[8] the condition that a defendant admit his guilt as part of a required rehabilitation program is a collateral consequence.[9] Accordingly, the consequence of which Duke complains is merely incidental to what he clearly knew, understood and accepted as the consequences of his plea. The revocation was not immediate in either time or impact because it was contingent upon intervening circumstances, and it was not automatic because the ability to abide by the probation conditions was within Duke's control.[10] In addition, even if today we were to declare the requirement that Duke admit his guilt during his rehabilitation a direct consequence of his plea, he has failed to demonstrate that this was clearly established federal law at the time of his plea or the state court decision was based on an unreasonable

---

matter how unpalatable which are not related to the length or nature of the federal sentence cannot be considered direct consequences").

[8] 223 F.3d 454 (7th Cir. 2000), cert. denied, 531 U.S. 1168 (2001).

[9] Id. at 458 (holding that the possibility that a defendant's probation might be revoked due to his refusal to admit guilt during counseling was not a direct consequence of his sentence).

[10] See, e.g., id. at 457 (citing State ex rel. Warren v. Schwartz, 579 N.W.2d 698, 708-09 (Wisc. 1998)).

determination of the facts.

The judgment of the district court is AFFIRMED.