**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2011

Lyle W. Cayce
Clerk

No. 10-50169
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HECTOR EDMUNDO PINTO-MACHORRO,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-579-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hector Edmundo Pinto-Machorro (Pinto) pleaded guilty to illegally reentering the United States after having been deported. *See* 8 U.S.C. § 1326(a) (2006). Finding that Pinto had a prior Texas conviction for indecency with a minor, the district court enhanced his base offense level on account of a felony conviction for a crime of violence and sentenced him to 51 months in prison, which was within the guidelines range. Because he did not object to the enhancement, review is for plain error. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50169

*Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Pinto contends that the record did not establish definitively that he had been convicted of indecency with a child under Texas law. However, the record on appeal, as supplemented by documents filed by the Government, shows that Pinto was charged with committing the crime of indecency with a child by contact, an offense prohibited by Texas Penal Code § 21.11(a).

The community supervision order states that the offense for which Pinto received deferred adjudication was indecency with a child by contact. In the admonishment and waivers, Pinto pleaded nolo contendere to the "offense of indecency w/ child (contact)," an offense that the document specifically recited as being prohibited by § 21.11(a). A plea of nolo contendere under Texas law has the same effect as a guilty plea. *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). And contrary to Pinto's assertion, there is in fact a plea, as this judicial confession was accepted by the state court as a plea. *See* TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006). Additionally, the state indictment charging Pinto with committing the crime of indecency with a child by contact tracks the language of § 21.11(a)(1), which criminalizes conduct that this court has held to constitute a crime of violence for purposes of § 2L1.2—specifically, the enumerated offense of sexual abuse of a minor. *See United States v. Ayala*, 542 F.3d 494, 494-95 (5th Cir. 2008).

Additionally, there is no merit to Pinto's argument that the order of deferred adjudication did not constitute a conviction for enhancement purposes. A Texas deferred adjudication is a conviction. *United States v. Washington*, 480 F.3d 309, 318 & n.45 (5th Cir. 2007).

Pinto's Texas conviction was for a crime of violence. Accordingly, the district court committed no error, plain or otherwise.

AFFIRMED.