# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10301

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2016

Lyle W. Cayce
Clerk

LESLIE EARL VOLLMER,

Petitioner – Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent – Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-948

Before JONES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Leslie Earl Vollmer appeals from the district court's denial of his 28
U.S.C. § 2254 application for habeas corpus relief. As relevant here, the
district court denied Vollmer's claims that (1) his plea of nolo contendere was
not knowing and voluntary because the trial court failed to properly admonish
him regarding the consequences of his plea; (2) his trial attorney rendered

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

ineffective assistance by failing to inform him of the consequences of his plea; and (3) his appellate attorney rendered ineffective assistance by failing to argue that Vollmer's plea was not knowing and voluntary. Because the state habeas court's disposition of Vollmer's claims was not unreasonable in light of the evidence, or in light of clearly established federal law, we AFFIRM.

## I

Vollmer was charged in Texas state court with indecency with a child younger than seventeen. During Vollmer's pretrial hearing, the trial judge noted that, because of a prior conviction, Vollmer could receive a significant sentence enhancement and "would not be eligible for probation with a jury [trial]." The judge spoke about Vollmer's range of plea and trial options, concluding:

> Again, if you are not guilty then no offer is good and an open plea is not good. But then we're back to where you can either do a jury trial or a non-jury trial. If you do a non-jury trial we often do them on what we call a no contest plea. That leaves me the option of probation, which you don't have with a jury on a trial. If we go to a jury it's either guilty or not guilty. If you go to a non-jury trial it's either not guilty, guilty or, if I think it's a probation case, I could defer a finding of guilt and place you on probation for up to ten years.

Vollmer said he was "[a]bsolutely not" interested in accepting the prosecutor's plea offer. He also rejected the suggestion of an open plea or a non-jury trial and pleaded not guilty.

The next day, Vollmer changed his mind and waived his right to a jury trial. After confirming waiver with counsel for both sides, the trial court accepted the waiver and said, "I assume now we're going to proceed on a no contest plea because that does leave open the possibility of probation for the Court if he is guilty and if the Court feels it's appropriate?" Vollmer's trial counsel confirmed, "Right." The trial court accepted a plea of no contest and

said, "The State has [the] full burden of proof beyond a reasonable doubt. There is no admission of guilt." Vollmer, his counsel, the district attorney, and the judge signed a written confirmation of the jury waiver.

In Texas, when a defendant pleads no contest to a felony offense, the State does not have to prove its case beyond a reasonable doubt, but must still offer evidence of guilt into the record "embrac[ing] every essential element of the charged offense." *Flores-Alonzo v. State*, 460 S.W.3d 197, 202 n.2 (Tex. App. 2015) (quoting *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App. 2010)). Both sides presented witnesses and exhibits to the trial court. After hearing all of the evidence, the trial court found the State had met its burden and sentenced Vollmer to twenty years' confinement. The judgment of conviction contains the trial court's affirmation that it "admonished [Vollmer] as required by law" and that it appeared to the court that Vollmer "made the [nolo contendere] plea freely and voluntarily, and [he] was aware of the consequences of this plea."

Vollmer was represented by new counsel on appeal. The direct appeal court rejected his arguments and affirmed Vollmer's conviction. The Texas Court of Criminal Appeals (TCCA), the highest criminal court in the state, denied Vollmer's petition for discretionary review.

Vollmer subsequently filed a pro se application for state habeas corpus relief in which he argued, inter alia: (1) the trial judge abused his discretion by failing to properly admonish Vollmer about his plea and by erroneously telling Vollmer he was eligible for probation; (2) trial counsel rendered ineffective assistance; and (3) appellate counsel rendered ineffective assistance. The state trial-level habeas court found that Vollmer was orally admonished on "the proper range of punishment applicable to his offense," his probation eligibility, and his right to a jury, and therefore that Vollmer was "properly admonished

on his plea and the consequences of that plea." The court also found that trial counsel was not ineffective and that Vollmer's nolo contendere plea "was made freely and voluntarily after being advised of the consequences of said plea." Finally, the court found that appellate counsel was not ineffective because Vollmer "was properly admonished [on his no contest plea] and such an issue would not have been successful on appeal." The court recommended that habeas relief be denied. The TCCA denied relief without a written order on the findings of the lower court.

Vollmer filed this application pursuant to 28 U.S.C. § 2254, and reasserted his state claims. The district court denied relief, finding that Vollmer failed to show that the state habeas court's decision constituted an unreasonable application of clearly established federal law.

A judge of this court granted a certificate of appealability (COA) as to three issues: (1) whether Vollmer's nolo contendere plea was not made voluntarily and intelligently because the trial court failed to advise him that his plea would have the same legal effect as a guilty plea; (2) whether Vollmer's trial attorney rendered ineffective assistance by failing to advise him that his plea would have the same legal effect as a guilty plea; and (3) whether Vollmer's appellate attorney rendered ineffective assistance by failing to argue that Vollmer's plea was not voluntary and intelligent because he was not advised that his plea would have the same legal effect as a guilty plea.

**II**

In a habeas corpus appeal, we review a district court's findings of fact for clear error and its conclusions of law de novo. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Vollmer can obtain federal habeas relief only if his adjudication in state court "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Robertson v. Cain*, 324 F.3d 297, 302 (5th Cir. 2003) (quoting 28 U.S.C. § 2254(d)). "A state court's decision will be contrary to clearly established federal law when it reaches a legal conclusion in direct opposition to a prior decision of the United States Supreme Court or when it reaches a different conclusion than the . . . Supreme Court on a set of materially indistinguishable facts." *Id.* (quoting *Kutzner v. Johnson*, 242 F.3d 605, 608 (5th Cir. 2001)). "[A] state court's decision will be an unreasonable application of clearly established federal law whenever the state court identifies the correct governing legal principle from the Supreme Court's decisions but applies that principle to the facts of the prisoner's case in an 'objectively unreasonable' manner." *Id.* (quoting *Kutzner*, 242 F.3d at 608). Under AEDPA, the state court's factual findings are "presumed to be correct" unless the applicant rebuts this presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III

### A

As a preliminary matter, the State argues that Vollmer's claims were never raised in his state habeas petition and they are thus unexhausted and procedurally barred.[1]  Under AEDPA, a federal court may not grant habeas

---

[1] The State also contends that Vollmer has waived the argument that his plea was not knowing and voluntary for want of proper admonishment because he did not raise this issue in his original § 2254 application.  Even if Vollmer's initial application cannot be read to include this claim, the district court chose to discuss it, finding that the record showed that Vollmer's no contest plea was knowing and voluntary.  Thus, this issue is properly before us. *See Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 276 n.1 (5th Cir. 1990) (an appellant may raise an issue not raised below, but considered by the district court).

relief to a state prisoner unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). Greater specificity or better framing of a claim in the federal application as compared to the state petition does not necessarily render the claim unexhausted. *See Anderson v. Johnson*, 338 F.3d 382, 388 (5th Cir. 2003) (finding petitioner's claims exhausted even though federal application included additional factual support rendering his claims "unquestionably in a comparatively 'stronger evidentiary posture' than they were in state court").

In his state habeas petition, Vollmer alleged the trial judge "never admonished [him] of the consequences of his plea." In support of his ineffective assistance of trial counsel claim, Vollmer averred he believed he was only waiving the right to a jury trial because the trial judge stated that the State had the full burden of proof and that there was no admission of guilt. Vollmer also claimed, "It was ineffectiveness of counsel when . . . the judge did not give the required admonishments, and [counsel] didn't object when this didn't happen. This is not knowing and voluntarily done." He claimed he "would never ha[ve] agreed to such a plea if he'd been admonished." Further, Vollmer argued in his petition that appellate counsel "briefed the wrong admonishment on appeal."

The state habeas court found that Vollmer had "not shown he was not aware of the consequences of his plea[,] or that he was mislead [sic] or harmed by the admonishment of the court." In addressing his ineffective assistance of trial counsel claim, the court found that Vollmer's plea "was made freely and voluntarily after being advised of the consequences of said plea." The court

No. 14-10301

also rejected what it understood as Vollmer's claim that appellate counsel "should have raised the issue that [Vollmer] was not properly admonished on his plea of 'no contest' and jury waiver."

Vollmer submitted a "rebuttal" to the state habeas court's findings. He argued that he was "always of the assumption that he was still pleading not guilty with trial by judge" and contested the state habeas court's conclusion "that [he] was properly admonished and that [he] entered a voluntary and knowing plea."

In sum, Vollmer claimed in his state petition that he was not properly admonished as to the consequences of his plea and that his plea was not knowing and voluntary, which necessarily implicates the question before this court, and he sharpened this argument in his "rebuttal." The state habeas court found that Vollmer was aware of the consequences of his plea, that counsel properly admonished him as to the consequences of his plea, and that the issue of proper admonishment would not have been successful on appeal. Thus, we find the arguments Vollmer has advanced in this court were fairly presented in the state habeas proceedings, and Vollmer's claims were properly exhausted.[2]

## B

As previously discussed, Vollmer argues that he was not properly admonished by the court or his trial attorney as to the consequences of his no contest plea and that he is therefore entitled to habeas corpus relief because (1) his plea was not knowing and voluntary; (2) his trial counsel rendered ineffective assistance; and (3) his appellate counsel rendered ineffective assistance. Each claim is addressed in turn.

---

[2] Because we find that the arguments before this court were exhausted, we need not address the State's claim that they are procedurally barred.

**1**

"A plea not voluntarily and intelligently made has been obtained in violation of due process and is void." *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969)). For a plea to be knowing and voluntary, a defendant must know the "direct consequences of the plea," *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002), "including the nature of the constitutional protection he is waiving," *Matthew*, 201 F.3d at 365. In assessing whether a defendant's plea is valid, we "look to 'all of the relevant circumstances surrounding it.'" *Matthew*, 201 F.3d at 364-65 (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)).

Under Texas law, "a plea of nolo contendere or no contest has the same legal effect as a plea of guilty except that such plea may not be used as an admission in any civil suit." *Flores-Alonzo*, 460 S.W.3d at 201 (citing TEX. CODE CRIM. PROC. ANN. art. 27.02(5)).[3] In reviewing nolo contendere pleas, we have found relevant whether the defendant "acknowledged to the court his understanding that his plea would have the same effect from a criminal standpoint as a guilty plea." *Duke*, 292 F.3d at 416; *see Smith v. Scott*, No. 93-7441, 1994 WL 685040, at *1 n.2 (5th Cir. Nov. 25, 1994). However, we are unaware of any authority expressly requiring such an admonishment.

Vollmer relies heavily on *Boykin v. Alabama*, 395 U.S. 238 (1969), in which the Supreme Court discussed the trial judge's responsibility to ensure that a defendant who pleads guilty does so intelligently and voluntarily. *Id.* at 242-43. The Court held, "We cannot presume a waiver of . . . important federal rights from a silent record." *Id.* However, here, the state habeas court did not

---

[3] The Fifth Circuit applies "law regarding guilty pleas to pleas of nolo contendere." *Matthew*, 201 F.3d at 360 n.9 (citing *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990)). Thus, we have cited case law discussing guilty pleas as well as nolo contendere pleas without noting the distinction.

No. 14-10301

infer waiver from a wholly silent record. In the state habeas proceeding, Vollmer's trial counsel submitted an affidavit rebutting Vollmer's ineffective assistance claim. Counsel's affidavit does not allege that she explained to Vollmer that he was, in effect, pleading guilty, but states that she admonished Vollmer "prior to going on the record." The state habeas court found that Vollmer had been "advised of the consequences of his plea."

The state habeas court's decision to credit counsel's affidavit is entitled to deference, as is that court's finding that Vollmer was properly admonished as to the consequences of his plea. *See* § 2254(e)(1). While it appears from the record that the trial court's admonishments were far from ideal, given trial counsel's ambiguous affidavit, and the lack of clear and convincing evidence that would contravene the state habeas court's conclusion, we cannot say that the state habeas court's holding was an unreasonable determination of the facts in light of the evidence presented.

**2**

Vollmer argues that his trial counsel rendered unconstitutionally ineffective assistance of counsel by failing to advise him that his nolo contendere plea would have the same legal effect as a guilty plea. *Strickland v. Washington*, 466 U.S. 668, 689-93 (1984), requires a party bringing an ineffective assistance of counsel claim to show both that counsel's performance fell below an objective standard of reasonableness and that this failure prejudiced the defendant's case. When representing a client faced with the option of a plea, a lawyer "must actually and substantially assist [her] client in deciding whether to plead guilty." *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974). "It is [her] job to provide the accused an understanding of the law in relation to the facts. The advice [s]he gives need not be perfect, but it must be reasonably competent. [Her] advice should permit the accused to make an

9

informed and conscious choice." *Id.* (citations and internal quotation marks omitted).

The trial court's comments in the pre-trial transcript indicate that Vollmer and his attorney discussed the jury waiver, but the transcript does not indicate that counsel advised her client of the legal consequences of his plea. As discussed above, trial counsel's affidavit states, "I admonished [Vollmer] prior to going on the record"; the state habeas court interpreted this as establishing that Vollmer "was fully admonished regarding the consequences of his plea." A § 2254 applicant has the burden of rebutting the state habeas court's factual findings with clear and convincing evidence. § 2254(e)(1). Vollmer offers nothing but the transcript and assertions that he was not properly admonished. Because counsel's affidavit lends itself to multiple interpretations, and because the record evidence does not clearly contradict the interpretation adopted by the state habeas court, the state habeas court's determination that counsel properly admonished Vollmer concerning the consequences of his plea, and was therefore not unconstitutionally ineffective in this respect, was not an unreasonable determination of the facts in light of the evidence.

### 3

Finally, Vollmer argues that his appellate counsel rendered ineffective assistance by failing to argue on appeal that Vollmer's plea was not voluntary and intelligent. To establish ineffective assistance of appellate counsel, a petitioner must show (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "but for his counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008) (citation and internal quotation marks omitted).

"[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "When . . . counsel files a merits brief, a defendant generally must show that 'a particular nonfrivolous issue was clearly stronger than issues counsel did present.'" *Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013) (quoting *id.*).

Vollmer's appellate counsel briefed three issues on appeal: sufficiency of the evidence; the trial court's erroneous acceptance of hearsay evidence; and the trial court's failure to admonish Vollmer about the potential immigration consequences of his plea. The direct appeal court rejected the immigration argument because the record established that Vollmer was born in the United States and is an American Citizen; thus, his plea would not subject him to deportation.

Vollmer argues before this court that the argument that he was not properly admonished was clearly stronger than the immigration issue advanced by appellate counsel. As discussed above, the trial transcript does not contain any evidence that the trial court or trial counsel advised Vollmer of the consequences of his nolo contendere plea. And, of course, appropriate review of the record would have revealed, as it did to the direct appeal court, that Vollmer was born in the United States. Because the record indicates the immigration consequences of Vollmer's plea were wholly irrelevant to Vollmer, any non-frivolous issue would appear to be stronger than this argument. Thus, Vollmer has established that counsel's representation fell below an objective standard of reasonableness.

However, the state habeas court was not unreasonable in its determination that Vollmer could not show that this issue had a reasonable

probability of success on appeal.  The state habeas court found that Vollmer was properly admonished as to the consequences of his plea.  Moreover, a Texas court of appeal recently rejected a very similar argument on direct appeal; in *Flores-Alonzo*, the court found that a defendant's plea was knowing and voluntary, despite the fact that the trial judge—the same judge that handled Vollmer's case—erroneously instructed that the State had the full burden of proof, and despite the fact that there was no indication in the transcript that the defendant had been informed that his no contest plea was substantially the same as a guilty plea.  *See* 460 S.W.3d at 201.  This undercuts Vollmer's contention that his appeal would have been successful had this argument been advanced.  Given the "doubly" deferential standard of review, *Harrington*, 562 U.S. at 105, we cannot say the state habeas court unreasonably determined that Vollmer could not establish prejudice sufficient to sustain his claim of ineffective assistance of appellate counsel.

**\*\*\***

For the foregoing reasons, we AFFIRM the district court's denial of habeas corpus relief.