# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2022

Lyle W. Cayce
Clerk

No. 20-50535

Sergio Trevino,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director*, Texas Department of Criminal Justice, Correctional Institutions Division,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-532

---

Before Higginbotham, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Sergio Trevino, a Texas inmate, appeals the denial of his 28 U.S.C. § 2254 petition. The district court denied relief, and we granted a certificate of appealability on whether his guilty plea was made knowingly and voluntarily and whether his counsel was ineffective for misadvising him

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50535

regarding his potential sentence.  Having considered the arguments under the relevant standard of review, we AFFIRM.

## I.     Background

Trevino was originally indicted on charges of continuous sexual abuse of a child, an offense with a maximum sentence of ninety-nine years of imprisonment.  *See* Tex. Penal Code § 21.02.  After negotiations with the State, Trevino pleaded guilty to lesser charges, including two counts of indecency with a child and three counts of aggravated sexual assault of a child.[1]  He was sentenced to fifteen years of imprisonment on the indecency counts and seventy years of imprisonment on the aggravated sexual assault counts, with the sentences to run concurrently.

Trevino filed a state habeas application challenging his sentence and underlying conviction.  Per Trevino, he accepted the plea agreement only because his trial counsel, Cathy Compton, advised him that the plea made him eligible to be placed on deferred adjudication probation.  But that sentence was not possible under the terms of the plea agreement, which clearly stated that: (1) the indecency with a child counts were eligible for deferred adjudication probation; (2) the aggravated sexual assault counts were not eligible; and (3) all counts were to run concurrently.  Trevino argued that his guilty plea was not knowing and voluntary and his counsel was ineffective in advising him on the consequences of his plea agreement.

Trevino's state habeas proceedings were unsuccessful.  The trial court entered written findings of fact concluding that Trevino had been properly advised, and his plea was accordingly knowingly and voluntarily

---

[1] The former carried punishment ranges of two to twenty years of imprisonment, and the latter carried ranges of five years of imprisonment to life. Tex. Penal Code §§ 12.32, 12.33, 21.11, 22.021.

entered. The Texas Court of Criminal Appeals affirmed, denying review without a written order.

Trevino then filed this 28 U.S.C. § 2254 petition. The district court denied relief, and this appeal followed. Concluding that jurists of reason could debate Trevino's claims, we granted a certificate of appealability on two issues: (1) whether Trevino's guilty plea was knowing and voluntary and (2) whether his trial counsel was ineffective regarding the entry of his guilty plea.

## II.    Standard of Review

"When a state court denies a habeas application without a written order—as is the case here—that decision is an adjudication on the merits subject to deference under 28 U.S.C. § 2254(d)," the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Anaya v. Lumpkin*, 976 F.3d 545, 550 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2703 (2021). On a district court's denial of a § 2254 application, we review findings of fact for clear error and conclusions of law de novo, "applying the same standard of review to the state court's decision as the district court." *Id.* (quotation omitted).

To obtain habeas relief under the AEDPA, Trevino must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). The AEDPA sets forth a highly deferential standard for evaluating state court rulings and demands that state court decisions be given the benefit of the doubt. *Charles v. Stephens*, 736 F.3d 380, 387 (5th Cir. 2013).

No. 20-50535

## III.     Discussion

We first assess Trevino's claim that his guilty plea was not knowing and voluntary.  Under a longstanding rule, if a guilty plea is not "voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969).  To make a knowing and voluntary plea, a defendant must know the "direct consequences of the plea," *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002) (per curiam) (quotation omitted), including the permissible range of sentences, *Boykin*, 395 U.S. at 244 n.7.  A defendant may therefore challenge a plea if he was not properly advised and did not understand the consequences.  *See Burdick v. Quarterman*, 504 F.3d 545, 547 (5th Cir. 2007).[2]   That said, a mere misunderstanding of a potential sentence does not invalidate a guilty plea. *See Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986).

The record reflects that Trevino had an understanding of the plea and its consequences including the maximum sentences for the charges to which he was pleading guilty.  *Boykin*, 395 U.S. at 244; *United States v. Hernandez*, 234 F.3d 252, 255–56 (5th Cir. 2000).  While we recognize Trevino's argument that he had some confusion regarding his eligibility for deferred adjudication probation may have *some* support in the record, we are bound by the AEDPA's directives and must give substantial deference to the state court's determinations.  *See Charles*, 736 F.3d at 387.  Trevino simply has not done enough to overcome that high bar, and we therefore conclude the district court did not err in denying relief.  *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

---

[2]   To the extent Trevino claims the court failed to advise him of the any of the information required by Federal Rule of Criminal Procedure 11, he would need to show that that absent this failure, he would not have pleaded guilty which, as discussed below, he does not show. *United States v. Dominguez-Benitez*, 542 U.S. 74, 84–85 (2004).

No. 20-50535

We now turn to Trevino's ineffective assistance of counsel claim. This claim is governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires proof (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687, 688. We have described our review of claims in this context as "doubly deferential" because we must give deference both to counsel's decisions in advising her client and the state court's conclusions as to the effectiveness of that advice. *Anaya*, 976 F.3d at 551. Thus, we "give[] both the state court and [Compton] the benefit of the doubt." *Id.* (quotation omitted).

Even assuming arguendo that Trevino's claims about his counsel's advice could satisfy the first *Strickland* prong, his claim nevertheless fails at the prejudice inquiry. In this context, Trevino was required to prove that he would not have pleaded guilty but for the error. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) ("A petitioner must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial.").

Trevino cannot make such a showing. According to his counsel, Trevino acknowledged that the evidence of his guilt was overwhelming and admitted that he did not wish to put the victim through the ordeal of a jury trial.[3] Additionally, Trevino faced a hefty sentence if the State proceeded to trial on the original indictment: a statutory minimum sentence of twenty-five years, a maximum sentence of ninety-nine years, and no possibility of parole. *See* Tex. Penal Code § 21.02(h). On these facts and given the double deference owed under *Strickland* and the AEDPA, we cannot say that he

---

[3] Potential evidence at the trial would have included an audio recording documenting a sexual encounter between Trevino and the victim, recorded phone calls, and testimony from the victim and her mother.

5

No. 20-50535

would not have pleaded guilty. Accordingly, we conclude that the district court did not err in denying relief. [4] *See Richter*, 562 U.S. at 101.

AFFIRMED.

---

[4] The State separately argues that Trevino's claim was untimely. Because we affirm on other grounds, we do not reach the State's argument.